## 16568

BEAUFORT COUNTY v. JASPER COUNTY

HEYWARD *ET AL.* v. BLACK, AUDITOR OF BEAUFORT COUNTY, *ET AL.*

(68 S. E. (2d) 421)

470

472

474

*Messrs. C. W. MeTeer,* of Beaufort, *and Robinson, Robinson and Dreher,* of Columbia, *for Appellants, Beaufort County et al., and Floride P. Heyward and K. M. Johnson, and Calhoun Thomas,* of Beaufort, *for Appellants, J. Gary Black et al.,*

*Messrs. Randolph Murdaugh,* of Hampton, *and Thos. M. Boulware,* of Allendale, *for Respondents,*

478

December 4, 1951.

PER CURIAM.

The above captioned cases raise the same basic issues. They were heard together in the Court below and in this Court. The primary question in each case is the validity of the proposed annexation of a portion of Beaufort County to Jasper County. The Act providing for such annexation was approved by the Governor on June 2, 1950, 46 St. at L. 2332.

By consent of the parties, both cases were referred to Honorable E. W. Mullins, of the Columbia Bar, as Special Referee, to take and report the testimony, together with his conclusions of law and fact. After taking certain testimony and hearing arguments, he filed a report upholding the legal-

ity of the annexation. The cases were thereafter heard by the Resident Judge of the Fourteenth Circuit, Honorable J. Henry Johnson, on exceptions to the report of the Referee. A decree was filed in each case confirming the report of the Special Referee and making it the judgment of the Court. This appeal followed.

We are satisfied with the conclusions reached by the Referee and Judge Johnson. All exceptions are overruled and the able and comprehensive report of the Referee, which will be reported, is adopted as the opinion of this Court, with the following exception:

The Referee concluded that in determining whether five hundred square miles of area would remain in Beaufort County after the proposed annexation of Yemassee Township to Jasper County, it was proper to consider both "inland water" and marshlands. We think it is unnecessary to determine whether inland waters may be considered a portion of Beaufort County's area within the contemplation of Article 7, Section 4 of the Constitution, for, as stated by the Referee, it is "manifest that the constitutional requirement as to area is complied with even if inland water be eliminated entirely." Under these circumstances, we prefer not to pass upon the question of whether inland waters may be included in computing the area of a county under the foregoing constitutional requirement.

Affirmed.